## No. 507

## ATKINS v. STATE

Ohio Appeals, 5th Dist., Stark Co.

No. 274.   Decided March, 1926.

333.   CRIMINAL LAW—1.   Although one accused of crime is entitled to all rights guaranteed by state and federal constitutions upon trial, there is no provision designed to aid one thus charged in the preparation of his case for trial.

2.   Refusal of court to permit counsel for defendant to interview companions of accused at scene of crime, not error.

225.   CHARGE TO JURY—Where request is made in criminal case for court to instruct jury and if the court refuses to submit same before argument that it be included in the general charge, the court was not restricted to use of language employed in said request.

First Publication of this Opinion

SHIELDS, J.

David Atkins, was indicted for murder in the first degree on two counts, one for violation of 12400 GC. and the other for a violation under 12402-1 GC. to which indictment he entered a plea of not guilty.   Upon trial in the Stark Common Pleas, he was found guilty and sentenced according to law.   Error was prosecuted to reverse the judgment of conviction and sentence.

It seems that Atkins with two companions stole a ride on a freight train and at a stop they went into a cornfield nearby to get some apples.   One Henry Malone, a policeman in the employ of the Railroad Company followed them into said field and while there, words were had between them which terminated in the shooting and killing of Malone.

Atkins during the trial contended that Malone fired upon him first and that he shot in self defense.   His companions however, testified that Malone shot a few random shots but that Atkins shot Malone before any assault was attempted by the latter.   The Court of Appeals in affirming the judgment of the lower court, held:—

1.   The lower court very properly laid down the rules pertaining to self defense as announced in the Marts case, 26 OS. 162, a rule re-affirmed in several later cases.

2.   It is claimed that the action of the Court and the sheriff in refusing to permit counsel for Atkins to interview the two companions of Atkins who were confined in jail in reference to preparing the defense at the trial, "was in violation of the constitutional rights of the defendant guaranteed in the State of Ohio and the United States, granting him a full, fair and impartial trial."

3.   The policy of the law is to afford an accused the full protection of his rights under the constitution of the State, and its laws when upon trial, but we know of no provision designated to aid one thus charged in the preparation of his case for trial.

4.   A case wherein the principle of law is somewhat analogous to the question here raised is State v. Rhoads, 81 OS. 397, wherein the Supreme Court held that the defense had

no right to inspect or examine the Grand Jury notes and minutes.

5.   It is claimed that the court erred in its refusal to give the instruction contained in request No. 2 in charge to the jury before argument or in the general charge.

6.   Section 11447 GC. provides that such proposition of law shall be in writing and be pertinent to the issues of the case; and the Supreme Court has held that it must so affirmatively appear.   The request made here does not meet the requirements of the statute, nor was the trial court required to give requests before argument in a criminal case.   Wertenberger v. State, 99 OS. 353.

7.   But the request made was that if the court declined to submit said request before argument, that it be included in the court's general instructions to the jury.   In thus instructing the jury, the court was not restricted to the use of the language employed in said request, but was at liberty to employ its own language.

8.   Under a fair and impartial review of this record, we are unable to say that the verdict of the jury is manifestly against the weight of the evidence or that the judgment of the Court is contrary to law.

Judgment affirmed.

Houck & Patterson, JJ. concur.

Attorneys—Amerman & Mills and Faber J. Drunkenbrod for Atkins;  C. B. McClintock, Henry W. Harter, Jr., and James M. Aungst for State; all of Canton.

Note:—Supreme Court syllabus of case affirming Court of Appeals will be found in 4 Abs 789.